[Civ. No. 9294. Second Appellate District, Division One.—September 13, 1933.]

RUTH HAGUEWOOD, Respondent, v. HOWARD BARNES, Appellant.

George P. Kinkle for Appellant.

Wilbert C. Hamilton for Respondent.

HOUSER, Acting P. J.—The respondent herein moves to dismiss the appeal on the ground that the appellant

failed to file a transcript on appeal within forty days after notice of appeal was filed, or within forty days after said appeal was perfected, or at all. Also, that the notice of appeal in said action was not filed within ten days after notice of entry of the judgment was given to the defendant, nor filed within ten days after notice of denial of motion for a new trial was given to him.

By satisfactory evidence presented herein, it appears that after the rendition and entry of judgment by the superior court in favor of the plaintiff and against the defendant, the plaintiff served the defendant with notice of the entry of said judgment and filed said notice with the clerk of said court; that thereafter, following an order by said court by which a motion for new trial was denied, the plaintiff likewise served on the defendant and filed with the clerk of said court a notice of such order; that thereafter, in due course, a transcript on appeal was settled by a judge of the superior court, and filed with said clerk, who thereupon, in accordance with his duties in the premises, transmitted the said transcript to, and the same was received by, the clerk of this court; that although immediately after the said transcript had been thus received, the clerk of this court not only notified the defendant of said act, but as well directed his attention to the rule which requires the payment of a filing fee before a transcript on appeal may be filed,—a period of ninety-three days elapsed after said defendant was thus notified before the instant motion was presented to this court; and that at no time has said filing fee been paid to or said transcript filed by the clerk of this court. In such circumstances, the motion of respondent for dismissal of the appeal should be granted. (Rules I, V, VI; sec. 954, Code Civ. Proc.)

It is ordered that the appeal be, and it is, dismissed.

York, J., and Desmond, J., *pro tem.*, concurred.